PEARSON, TILLMAN, Associate Judge, (Retired).
Royster Company appeals a declaratory statement issued by the Florida Department of Revenue. See § 120.565 Florida Statutes (1985). We affirm the conclusions reached by the Department and, because the issues may be of importance, we set out the basic facts presented and our interpretation of the statute applied.
Section 212.08(5)(b)2., Florida Statutes (1985), grants a partial sales tax exemption to expanding businesses on the purchase of industrial machinery or equipment if the business increases its productive output by not less than 10 percent after installation of the new machinery or equipment. The points presented in this appeal concern the interpretation of that part of the statute which defines the pre-installation base period and post installation measuring period provided in § 212.08(5)(b)6.b., which are used to measure the increase in productive output:
“Productive output” means the number of units actually produced by a single plant or operation in a single continuous 12-month period, irrespective of sales. Increases in productive output shall be measured by the output for 12 continuous months immediately following the completion of installation of such machinery or equipment over the output for the 12 continuous months immediately preceding such installation. However, if a different 12 month continuous period of time would more accurately reflect the increase in productive output of machinery and equipment purchased to facilitate an expansion, the increase in productive output may be measured during that 12-month continuous period of time if such time period is mutually agreed upon by the Department of Revenue and the expanding business prior to the commencement of production....
Among the conclusions of law made in the declaratory statement appealed is the following:
Section 212.08(5)(b)6.b., Florida Statutes, provides in pertinent part that increases in productive output shall be measured by the output for 12 continuous months immediately following the completion of installation of such machinery or equipment over the output for the 12 continuous months immediately preceding such installation.
The underlined words are the statutory language to measure the base period.... The conclusion reached by the Department provides:
The Florida Department of Revenue construes the base period to be 12 continuous months immediately prior to commencement of the installation. The Florida Department of Revenue construes the alternative comparison period to be either the 12 months following the completion of the installation or the 12 month period selected by the taxpayer and agreed to by the Department prior to commencement of production, but not both.
Appellant is a fertilizer manufacturer whose plant is located in Mulberry, Florida. In 1982 appellant decided to expand its production capacity, and between 1982 and 1983 it spent some $12 million on new machinery and equipment. Appellant opt *48 ed to pay sales tax on its new equipment, and then seek a refund (which, if appellant is successful, will amount to approximately $150,000). The expansion of appellant’s plant was completed around June 1, 1983. As this completion date was approaching the appellant concluded that, because of prevailing market conditions, it likely would have a better chance of meeting the requirement of a 10 percent increase in output if it selected an alternative 12-month period for measuring postexpansion productivity instead of using the “statutory” 12-month period commencing upon completion of the improvements, i.e., on June 1, 1983. Accordingly, appellant obtained the Department’s agreement that it could measure post-expansion productivity using the period from November 1, 1984 through October 31, 1985.
Sometime prior to December 1983 appellant decided to further improve its plant by building a co-generation facility to make use of heat otherwise wasted during the .fertilizer manufacturing process. Construction of the co-generation facility was thereafter commenced, and in May 1985 appellant’s fertilizer plant was shut down temporarily in order to allow the co-generation equipment to be tied into the fertilizer manufacturing equipment. The plant was scheduled to be restarted in August 1985, but a fire and explosion occurring in July 1985 delayed the restart of the plant until December 1985. The voluntary shutdown of the plant for installation of the co-generator together with the involuntary extension of that shutdown due to the fire put the plant out of production for more than five months of the 12-month alternative period previously agreed upon by appellant and the Department as the period they would use for measuring post-expansion productivity. As a result, appellant did not achieve during the alternative measurement period a 10 percent increase in output over the 12-month period which preceded the commencement of installation of the new machinery and equipment. However, if appellant’s productivity during the 12-month period immediately following completion of the expansion (6/1/83-5/31/84) is compared with the 12-month period immediately preceding completion of the expansion (6/1/82-5/31/83), a greater than 10 percent increase in output can be shown.
Appellant first urges that the base period for measuring increase in productivity should be the twelve month period immediately preceding completion of the expansion effort. The interpretation of the statute requested by the appellant would lead to the absurd result that if a plant were shut down for an extended period for the installation, then it would not have to show any real increase in production after the resumption of production. Therefore, we affirm the Department’s determination that the intent of the Legislature was to measure output before the commencement of installation of new machinery and equipment to determine whether after completion of the installation output was increased by 10 percent.
Appellant’s second argument is that an applicant for the tax exemption who has chosen an alternative period for measuring post-expansion productivity should be allowed to change back to the ordinary “statutory” period if the applicant finds after installation that because of unforeseen difficulties the alternative period chosen is less advantageous. Such an interpretation would amount to a judicial amendment of the statute, in that the statute clearly requires an agreement with the Department upon an alternative period, if an alternative period is to be used, prior to the commencement of post-expansion operation. Neither the Department nor the court has the power to amend the statute or make any ruling contrary to the statute.
The appeal is denied and the declaratory statement is affirmed.
SHIVERS and ZEHMER, JJ., concur.